IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MANETIRONY CLERVRAIN,

                Plaintiff,

      v.                                        CASE NO. 18-3166-SAC

SARA M. REVELL,

                Defendant.

**MEMORANDUM AND ORDER**

Plaintiff, a federal prisoner appearing *pro se* and *in forma pauperis*, brings this civil rights complaint pursuant to 28 U.S.C. § 1331. For the reasons discussed below, Plaintiff is given time to file an amended complaint that cures the deficiencies found by the Court upon initial screening.

**I. Nature of the Matter before the Court**

Plaintiff is an inmate at Cornell Corrections in Big Spring, Texas. He is serving a sentence of 108 months for attempt and conspiracy to commit mail fraud. Since entering the federal prison system in 2011, Mr. Clervrain has filed more than thirty cases in various federal courts across the country. See www.pacer.gov (last viewed October 18, 2018). This is the fourth case he has filed in the District of Kansas.

Mr. Clervrain's complaint in this latest matter is 227 pages long. Following is a non-inclusive list of claims, statutes, and topics Plaintiff touches on in the complaint: the practice of apartheid within the Bureau of Prisons (BOP); price-gouging; illegal contract between BOP and the U.S. Postal Service; the False Claims Act; assault; retaliation; placement in segregation; hate crimes; lack of medical care; extortion; Violent Crime in Aid of Racketeering Act;

1

misappropriation of a trade secret; unfair competition; the Telecommunications Act of 1996; unjust enrichment; understaffing; BOP is promoting homosexuality; the Transgender Offender Manual; the Treatment and Care of Inmates with Mental Illness program statement; free exercise of religion; the Second Chance Act; conjugal rights; anti-trust law violation; price-fixing; RICO violation; conspiracy; fraud; nutritionally inadequate food; slavery or involuntary servitude; prisoners should be paid minimum wage; illegal contract between BOP and private institutions; abusive transfers; and withholding legal mail.

Mr. Clervrain names one defendant, the Director of the North Central Regional Office of the Bureau of Prisons, Sara Revell. He requests the abolishment of apartheid in the federal prison system, the closure of all private correctional institutions, compensatory damages, and punitive damages.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of such entity to determine whether summary dismissal is appropriate. 28 U.S.C. § 1915A(a). Additionally, with any litigant, such as Plaintiff, who is proceeding *in forma pauperis*, the Court has a duty to screen the complaint to determine its sufficiency. *See* 28 U.S.C. § 1915(e)(2). Upon completion of this screening, the Court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B).

A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d

910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the

line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. Discussion

The Court finds that Plaintiff's complaint is subject to dismissal because it violates Rule 8 of the Federal Rules of Civil Procedure to such an extent that it fails to state an actionable claim.

There are two purposes of a complaint: 1) to give the opposing parties fair notice of the basis for the claims against them so that they may respond, and 2) to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989); *see also Nasious*, 492 F.3d at 1163.

Complying with Rule 8 helps to ensure these purposes are met. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction,... (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a). In addition, Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). As a result, prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Clervrain's complaint (ECF No. 1) does not provide a short and plain statement of the claims he is asserting against Defendant that demonstrate he is entitled to relief. The complaint is virtually unintelligible, and, remarkably, given the length of the pleading, has a dearth of factual allegations. Instead, Mr. Clervrain quotes or paraphrases statutes, regulations, procedures, and manuals but never explains what the defendant did to him, when the defendant did it, and how he was harmed. *See Nasious*, 492 F.3d at 1163. As a result, Plaintiff fails to provide Defendant fair notice of the specific claims being asserted against her and the specific factual allegations that support each asserted claim.

The general rule that *pro se* pleadings must be construed liberally has limits. Vague and conclusory claims of rights violations do not entitle a *pro se* plaintiff to a day in court regardless of how liberally the pleadings are construed. *See Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992). "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110. It is Plaintiff's responsibility to present his claims in a manageable and readable format that allows the Court and the defendant to know what claims are being asserted and to be able to respond to those claims. "[I]t is not the district court's job to stitch together cognizable claims for relief from wholly deficient pleadings." *Coyle v. Jackson*, 702 F. App'x 727, 729 (10th Cir. 2017), *quoting Mann v. Boatright*, 477 F. 3d 1140, 1148 (10th Cir. 2007). The Court and the defendant should not be required to sift through Mr. Clervrain's vague, conclusory, disorganized, repetitive, and verbose allegations to attempt to determine the heart of each claim. As it stands, Plaintiff's complaint fails to state a claim upon which relief can be granted because the Court cannot determine what exactly it is Plaintiff *is* claiming. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013); *Paul v. Marberry*, 658 F.3d 702, 705 (7th Cir. 2011).

A decision to dismiss a complaint pursuant to Rule 8 is within the Court's sound discretion. *See Coyle*, 702 F. App'x at 729; *see also Atkins v. Northwest Airlines, Inc.,* 967 F.2d 1197, 1203 (8th Cir. 1992). The Court finds that Plaintiff's complaint does not meet the requirements of Rule 8 and does not state a claim. Mr. Clervrain will be given an opportunity to cure the deficiencies by submitting an amended complaint that complies with Rule 8. Plaintiff must submit his amended complaint on the court-approved form. He may submit additional pages only if necessary to answer all the questions on the form complaint. He must state his claims clearly and concisely. He must explain with specific facts how each named defendant personally participated in each alleged constitutional or statutory violation. The Court will not consider any claims raised in separate attachments, amendments, supplements, motions, or other documents not included in the amended complaint. The Court will screen the amended complaint once it is filed.

An amended complaint is not combined with the original complaint but completely supersedes it. *See* Fed. R. Civ. P. 15. Consequently, Plaintiff may not simply refer to his original complaint and instead must present all properly joined claims and factual allegations that he intends to pursue in this action in his amended complaint. Any claims or allegations in the original complaint that are not presented in the amended complaint will not be considered further by the Court.

**IV. Amended Complaint Required**

For the reasons stated herein, Plaintiff's complaint is subject to dismissal under 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) for failure to state a claim upon which relief may be granted. Plaintiff is given the opportunity to file an amended complaint that cures the deficiencies discussed herein. If Plaintiff fails within the time allotted to file an amended complaint that cures the deficiencies noted, this action may be dismissed without further notice.

**IT IS THEREFORE ORDERED** that Plaintiff is granted to and including **November 26, 2018**, in which to file an amended complaint upon forms that cures the deficiencies in his original complaint as discussed herein.

**IT IS SO ORDERED.**

DATED: This 24th day of October, 2018, at Topeka, Kansas.


                                                **s/ Sam A. Crow**
                                                **SAM A. CROW**
                                                **U.S. Senior District Judge**