# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**MANETIRONY CLERVRAIN,**

       **Plaintiff,**

  v.           **CASE NO. 18-3166-SAC**

**SARA M. REVELL,**

       **Defendant.**

## MEMORANDUM AND ORDER

This matter is before the Court on a number of pending motions.

**Motion for Consideration and Consolidate (ECF No. 2)**

Plaintiff asks that the Court consolidate this case (Case No. 18-3166) with another of his cases, Case No. 18-3041. While Plaintiff's filings are far from clear, he seems to be arguing that both cases involve the same issues. He further seems to assert that the document designated as a Complaint in this case (the "document"; ECF No. 1) should have been filed as an Amended Complaint in 18-3041.

A review of the document at issue shows Plaintiff first wrote Case No. 18-3041 on the line for case number, then crossed it out and wrote 17-3194 in two different places. Case No. 17-3194 is another case filed by Plaintiff in this Court which involves a Freedom of Information Act (FOIA) dispute with the Bureau of Prisons. The document was received by the Court on July 17, 2018, having been postmarked July 10, 2018. Case No. 18-3041 had been dismissed by the Court on June 28, 2019. By the time the clerk received the document on July 17, 2018, Plaintiff had already

1

filed a Notice of Appeal with the Tenth Circuit in 18-3041. Furthermore, the document was not designated as an amended complaint, named a single defendant who was not named in 18-3041, and made numerous seemingly new claims in its 227 pages. As the document clearly did not pertain to the FOIA case, as 18-3041 had already been dismissed when the document was received by the Court, as the document named a different defendant than 18-3041 and raised a multiplicity of apparently new claims, the Clerk filed it as a new case.

Even if Plaintiff had properly identified the document and it had been filed in 18-3041, it was untimely. The Court issued a notice of deficiency on February 23, 2018, requiring Plaintiff to submit a complaint on the court-approved form by March 26, 2018. Plaintiff had failed to comply by May 16, 2018, so the Court entered an order to show cause giving him until June 5, 2018, to comply. Plaintiff filed a motion for extension of time on May 31, 2018, giving no indication of when he proposed to comply with the Court's order. When Plaintiff had failed to comply by June 28, 2018, the Court dismissed the case. The document at issue was postmarked July 10, 2018, more than a month after the last deadline and twelve (12) days after the case had been dismissed.

Because Case No. 18-3041 has been decided and is on appeal, Plaintiff's motion to consolidate it with this case is denied.

**Motion and Notice on Law Library Access (ECF No. 3)**

Plaintiff asks the Court to order the BOP to allow him to use a computer with internet access so he can do research for this case and all of his pending cases across the country. The right to access to courts neither requires "unlimited access to a law library" nor allows inmates "the right to select the method by which access will be provided." *Penrod v. Zavaras*, 94 F.3d 1399, 1403 (10th Cir. 1996) (citations omitted). His "ample filings [in this Court] belie any argument

that he is being denied meaningful access to the courts." *Rudnick v. Raemisch*, 731 F. App'x 753, 755 (10th Cir. 2018). Moreover, Plaintiff has not shown that "the denial of legal resources hindered [his] efforts to pursue a nonfrivolous claim," *id.*, largely because he has not filed a Complaint that coherently describes the claims he seeks to pursue. *See id.*, quoting *Penrod*, 94 F.3d at 1403. Plaintiff's motion is denied.

**Motion for Notice and Circumstances (ECF No. 4)**

In this filing, Plaintiff seems to be requesting "to delay the proceeding of the Court[s]" because the private prison where he was confined had placed him on transfer status on the basis of false incident reports so he would not have access to a law library. The Court grants an extension until January 28, 2019, in response to ECF No. 17. This motion is denied.

**Motion for Emergency and Circumstances (ECF No. 6)**

This motion appears to be a preemptive one. Based on the fact that prison officials packed his property, Plaintiff believes he may be transferred, possibly resulting in restrictions on access to stamps and a computer and the imposition of "forced labor." He asks the Court to intervene with the BOP to prevent any possible restrictions on stamps or legal materials, to order Plaintiff have access to a computer, and to prevent the BOP from imposing "forced labor" on Plaintiff. If and when Plaintiff suffers an actual injury, he should file a renewed motion. This motion is denied.

**Motion for Appeal Courts Panel and Intervention for Controversial Allegations (ECF No. 10)**

In this motion, Plaintiff states he is moving pursuant to Rule 24(b) (Permissive Intervention), Federal Rule of Appellate Procedure 8 (Stay or Injunction Pending Appeal), and Federal Rule of Appellate Procedure 15 (Review or Enforcement of an Agency Order – How

Obtained; Intervention). He requests the "issuance of jurisdiction matters" with the Tenth, Sixth, Eighth, and Seventh Circuits.

Plaintiff seems to be asking for all of the listed courts to work together to resolve his claims. This Court has no authority to grant this request. This motion is denied.

**Motion for Permissible Intervention Against Department of Corrections Controversial Allegations (ECF No. 11)**

This motion closely resembles ECF No. 10, except that Plaintiff lists the District Courts of Indiana, Missouri, Colorado, Wisconsin, Minnesota, South Dakota, Michigan, and North Dakota. He states, "the purpose of this motion is to file a complaint against each of the Department of Correction of each state, all the prisons, their contractors, partners, vendors and subcontractors, and employees." Plaintiff further wants each of these "parties" to provide him with Rule 26 disclosures, and he asks this Court to send a copy of the motion to the courts of each listed state. Finally, Plaintiff states, "This Court should also assign a new case against the Kansas Department of Corrections and Its Directors in the court where appropriate evidence is . . . and the courts should file the cases under 'John Doe' et al. until further notice, or when the Rule 26 filed with the appropriate information." As with ECF Nos. 16, 18, 20, and 21, any claims Plaintiff wishes to raise must be included in the Amended Complaint which he must file by January 28, 2019.

This motion is denied.

**Motion to Convene a Three Judge Tribunal (ECF No. 15)**

Plaintiff moves pursuant to 28 U.S.C. § 2284 for a three-judge panel to be convened. 28 U.S.C. § 2284 requires a three-judge court when an action is filed challenging the constitutionality of the apportionment of congressional districts or when otherwise required by Act of Congress. 28 U.S.C. § 2284(a). As Plaintiff has not submitted a proper, intelligible Complaint, the Court

cannot discern with any certainty what claims Plaintiff is making. However, the Court is fairly sure Plaintiff is not concerned with the apportionment of congressional districts, nor has Plaintiff pointed to any act of Congress requiring a three-judge court. Therefore, this motion is denied.

**Motion for Demanding Jury Trial and Updating (ECF No. 16)**

Plaintiff moves pursuant to Rule 38 for a jury trial in this case. He also appears to be attempting to add causes of action through this filing. This filing shall be treated as jury trial demand. To the extent Plaintiff is attempting to add claims without filing an amended complaint, the motion is denied.

**Motion for Extension of Time (ECF No. 17)**

The Court reminds Plaintiff that the order directing him to file an Amended Complaint remains in effect. Plaintiff was ordered to file an Amended Complaint by November 26, 2018. He did not do so, but he did file a motion for extension of time on November 15, 2018 (ECF No. 17). In that motion, he asks for an indeterminate amount of additional time but primarily appears to be arguing that he should not have to file an Amended Complaint. The Court rejects Plaintiff's argument and grants him an extension of time. Plaintiff must file an Amended Complaint that addresses the deficiencies outlined by the Court by **January 28, 2019**. If Plaintiff fails within the time allotted to file an Amended Complaint that cures the deficiencies noted in the October 24 Order (ECF No. 14), this action may be dismissed without further notice.

**Motion for Enacting Wrongful Acquisition Kansas Act (ECF No. 18)**

This motion more closely resembles a new Complaint than a motion. Plaintiff asks the Court "for the issuance ordinance violation" against five agencies that are not named as defendants in this case. He alleges the regional office of the Bureau of Prisons, Immigration and Customs Enforcement, the U.S. Marshals Service, Enforcement [and] Removal Operation[s], and the

Kansas Department of Corrections have conspired with "Domestic Terrorism Actors" and "greed capitalist actors" in subjecting several unnamed offenders in the state of Kansas to torture (not Plaintiff because he has never been incarcerated in Kansas). He seems to be complaining about the BOP contracting with private prisons. He concludes the ten-page filing by asking the Court "to consider this motion, his complaints, with generosity before amending which might take a long period of time because of the complexity of the cases in this region and the amount of numerous defendants involved." Hence, it appears this could possibly be a motion for an extension of time to file an amended complaint. The Court grants an extension until January 28, 2019, in response to ECF No. 17. This motion is denied.

**Motion for Consolidate Brunswick Court Controversies (ECF No. 19)**

In this motion, Plaintiff asks the Court pursuant to Rule 42 (Consolidation; Separate Trials) "for the issuance of amending the judgement for the District of Georgia under [Rule] 59; 60, and or for the right to consider a mandamus action against the court under 28 U.S.C. 1361 and 1651 . . . ." He asks this Court to send copies of the motion to the Southern and/or Northern District of Georgia. It is unclear what exactly Plaintiff wants, but it is clear that this Court does not have jurisdiction over the Georgia cases (Plaintiff has filed two cases in Georgia federal court, one of which has been dismissed for failure to state a claim). Rule 42 refers to consolidation of actions in the same court. This motion is denied.

**Motion for Consideration and Deny Access to the Court(s) (ECF No. 20)**

As with ECF Nos. 16 and 18, this ten-page motion seems more like a Complaint rather than a motion. Any claims Plaintiff wishes to raise must be included in the Amended Complaint which he must file by January 28, 2019. This motion is denied.

The Court notes that Plaintiff complains that his right of access to the courts has been violated. He argues he needs access to Lexis, Westlaw, MS Word, and BOP policies, among other things, and if he had adequate access, his Complaint could be 1,227 pages long rather than the meager 227 pages of the original Complaint. The Court directs Plaintiff to carefully read its October 24 Order (ECF No. 14) when preparing his Amended Complaint.

**Motion for Enacting the States Enforcement Contract Illegal Act (ECF No. 21)**

This motion continues Plaintiff's pattern in ECF Nos. 16, 18 and 20 of attempting to raise new claims in a motion. He also seems to be attempting to recruit the governors and attorneys general of several states to intervene in the case on his side. As previously stated, any claims Plaintiff wishes to raise must be included in the Amended Complaint which he must file by January 28, 2019. This motion is denied.

**Motion for Injunction and Withhold Deportation by Congress (ECF No. 22)**

In this 15-page motion, Plaintiff appears to be asking the Court for an injunction to prevent his deportation. However, the only defendant named in this action is the Regional Director of the Bureau of Prisons and, as far as the Court can discern, Plaintiff has not raised any immigration claims. For this Court to issue an injunction, the relief sought must be of the same character as that which may be granted at the conclusion of the underlying case. *See De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945). As Plaintiff has not yet filed a proper Amended Complaint, it is unclear what claims are properly before this Court or what relief he is requesting. Plaintiff's motion is denied.

**IT IS THEREFORE ORDERED** Plaintiff's Motion for Consideration and Consolidate (ECF No. 2) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion and Notice on Law Library Access (ECF No. 3) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Notice and Circumstances (ECF No. 4) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Emergency and Circumstances (ECF No. 6) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appeal Courts Panel and Intervention for Controversial Allegations (ECF No. 10) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Permissible Intervention Against Department of Corrections Controversial Allegations (ECF No. 11) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Convene a Three Judge Tribunal (ECF No. 15) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Demanding Jury Trial and Updating (ECF No. 16) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Extension of Time (ECF No. 17) is **granted**. The deadline for Plaintiff to file an Amended Complaint upon forms that cures the deficiencies in his Complaint as discussed herein is extended to and including **January 28, 2019**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Enacting Wrongful Acquisition Kansas Act (ECF No. 18) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Consolidate Brunswick Court Controversies (ECF No. 19) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Consideration and Deny Access to the Court(s) (ECF No. 20) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Enacting the States Enforcement Contract Illegal Act (ECF No. 21) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Injunction and Withhold Deportation by Congress (ECF No. 22) is **denied**.

**IT IS SO ORDERED.**

DATED: This 14th day of December, 2018, at Topeka, Kansas.

    **s/ Sam A. Crow**

    **SAM A. CROW**
    **U.S. Senior District Judge**