IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MANETIRONY CLERVRAIN,**

                Plaintiff,

      v.                                                CASE NO. 18-3166-SAC

**SARA M. REVELL,**

                Defendant.

### MEMORANDUM AND ORDER

This matter is a civil rights action filed under 42 U.S.C. § 1983. Plaintiff is an inmate at Cornell Corrections in Big Spring, Texas. Mr. Clervrain filed a 227-page Complaint that is virtually unintelligible and contains a dearth of factual allegations. Plaintiff appears to primarily seek the abolishment of "apartheid" in the federal prison system, the closure of all private correctional institutions, compensatory damages, and punitive damages.

On October 24, 2018, the Court entered a Memorandum and Order to Show Cause (ECF No. 14) ("MOSC") ordering Plaintiff to file an Amended Complaint by November 26, 2018. The MOSC stated that if Plaintiff failed within the time allotted to file an amended complaint that cured the deficiencies noted, this action could be dismissed without further notice. ECF No. 14 at 6. Plaintiff requested an extension of time, and the Court extended the deadline to January 28, 2019. As of the date of this Order, Plaintiff has not filed an Amended Complaint.

As explained in the MOSC, Mr. Clervrain's Complaint is subject to dismissal because it violates Rule 8 of the Federal Rules of Civil Procedure to such an extent that it fails to state an actionable claim. The Complaint (ECF No. 1) does not provide a short and plain statement of the

1

claims he is asserting against Defendant that demonstrate he is entitled to relief, as required by Rule 8. Instead, Mr. Clervrain quotes or paraphrases statutes, regulations, procedures, and manuals but never explains what the defendant did to him, when the defendant did it, and how he was harmed. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). As a result, Plaintiff fails to provide Defendant fair notice of the specific claims being asserted against her and the specific factual allegations that support each asserted claim. Plaintiff's Complaint fails to state a claim upon which relief can be granted because the Court cannot determine what exactly it is Plaintiff *is* claiming. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013); *Paul v. Marberry*, 658 F.3d 702, 705 (7th Cir. 2011). As a result, the Complaint is dismissed.

The Court notes that instead of filing an Amended Complaint as ordered, Plaintiff filed eight (8) motions (*see* ECF Nos. 24-31). Several of these motions argue that Plaintiff should not have to amend the Complaint "in the premature stages in such complex litigation" (*see* ECF No. 24 at 3), that he needs additional evidence before he can prepare an Amended Complaint, and that the defendant should be served the Complaint as it stands. To the extent Plaintiff is asking in these motions for the Court to reconsider its Order, the motions are denied.

Several of the motions seem to attempt to add new claims, which can only be accomplished by filing an Amended Complaint, and several ask for relief the Court cannot grant, such as forcing the Attorneys General of six states to intervene or forcing those six states to pass legislation dealing with immigration and/or prison reform. In addition, the motions repeat arguments made in Plaintiff's fourteen (14) previous motions, which were considered by the Court and denied. *See* ECF No. 23.

For these reasons, and because the dismissal of the Complaint renders additional issues moot, Plaintiff's Motion for Consideration and Controversy Concerns (ECF No. 24), Motion for

Amending for the Controversy Allegations (ECF No. 25), Motion for Opposition and Premature for Amended (ECF No. 26), Motion for Article Standing and Constitutionally Challenged (ECF No. 27), Motion for Evidence and Right Access to the Courts (ECF No. 28), Motion for Intervention and Kansas Deportation Act (ECF No. 29), Motion for Intervention and Kansas Officials Performance Act (ECF No. 30), and Motion for Contribution and Kansas Financial Burdens Act (ECF No. 31) are denied.

**IT IS THEREFORE ORDERED** that the Complaint is dismissed for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Consideration and Controversy Concerns (ECF No. 24), Motion for Amending for the Controversy Allegations (ECF No. 25), Motion for Opposition and Premature for Amended (ECF No. 26), Motion for Article Standing and Constitutionally Challenged (ECF No. 27), Motion for Evidence and Right Access to the Courts (ECF No. 28), Motion for Intervention and Kansas Deportation Act (ECF No. 29), Motion for Intervention and Kansas Officials Performance Act (ECF No. 30), and Motion for Contribution and Kansas Financial Burdens Act (ECF No. 31) are **denied**.

**IT IS SO ORDERED.**

DATED: This 6th day of March, 2019, at Topeka, Kansas.


                                      **s/ Sam A. Crow**
                                      **SAM A. CROW**
                                      **U.S. Senior District Judge**