IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MANETIRONY CLERVRAIN,

                    Plaintiff,

      v.                                                   CASE NO. 18-3166-SAC

SARA M. REVELL,

                      Defendant.

## MEMORANDUM AND ORDER

This matter was dismissed by the Court on March 6, 2019. Since that date, Plaintiff has filed five (5) motions and a Notice of Appeal. Each of Plaintiff's pending motions is listed and considered below.

**Motion for Arbitrating the Universal Nationality Choice Act (ECF No. 34)**

As far as the Court can discern, Plaintiff is arguing that Congress should enact a law titled the Universal Nationality Choice Act. Plaintiff does not refer to the judgment in this case, hence it does not appear to be a motion for relief from judgment. Unless and until the case has been reopened, no motion other than a motion for relief from judgment is appropriate. This motion is denied.

**Motion for Consideration and Ratification Punitive Act(s) (ECF No. 35)**

Unlike the previous motion, this motion references the judgment in this case. Because it was filed within 28 days of the entry of judgment, the Court construes it as a motion to alter or amend a judgment under Rule 59(e). Rule 59(e) provides the Court may reconsider a final decision

if the moving party can establish (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

Plaintiff does not claim there has been an intervening change in the controlling law or that there is new evidence available. Hence, Plaintiff must establish that the judgment was clearly erroneous or resulted in manifest injustice. He does not do so. Plaintiff seems to be arguing that because the Court, after hours of deciphering, was able to pick out two issues Plaintiff appeared to be raising in his 227-page Complaint, the Complaint must have complied with Rule 8, or, in the alternative, the Court should have considered one of the many motions Plaintiff filed to be a Complaint complying with Rule 8. The Court finds neither of these arguments demonstrate clear error or manifest injustice. Therefore, Plaintiff's motion is denied.

**Motion for Financial Burden and Appealing Punitive Acts (ECF No. 36)**

Plaintiff seems to be arguing that he is a public servant and should not be required to pay the more than $40,000 in filing fees he has amassed across the country. He also mentions a national menu for incarcerated immigrants and exposure to cancer. Unless and until the case has been reopened, no motion other than a motion for relief from judgment is appropriate. The motion is denied.

**Motion for Notice of Appeal and Second Chance Act (ECF No. 37)**

This motion appears to be directed to the Tenth Circuit Court of Appeals. Plaintiff alleges the Immigration and Naturalization Act (INA) is unconstitutional, and this Court failed to address his claim. The Court liberally construes Plaintiff's filing as a motion to alter or amend a judgment under Rule 59(e). Rule 59(e) provides the Court may reconsider a final decision if the moving

party can establish (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

Plaintiff does not claim there has been an intervening change in the controlling law or that there is new evidence available. Hence, Plaintiff must establish that the judgment was clearly erroneous or resulted in manifest injustice. He does not do so. Plaintiff fails to demonstrate his Complaint in fact met the requirements of Rule 8 or to explain why he failed to file an amended complaint as directed by the Court. Plaintiff's motion is denied.

**Application for Leave to Proceed without Prepayment of Fees (ECF No. 42)**

The Court construes this motion as a request for leave to appeal *in forma pauperis*. "In order to succeed on [a motion for leave to proceed in forma pauperis on appeal], an appellant must show a financial inability to pay the required filing fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991). "An appeal may not be taken [IFP] if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). "The Supreme Court has held that good faith is to be judged by an objective standard, for review of any issue 'not frivolous.'" *Spearman v. Collins*, 500 F. App'x 742, 743 (10th Cir. 2012) (quoting *Coppedge v. United States*, 369 U.S. 438, 445 (1962)). "An appeal is frivolous when the result is obvious, or the appellant's arguments of error are wholly without merit." *Spearman*, 500 F. App'x at 743 (quotation omitted). *See also Thompson v. Gibson*, 289 F.3d 1218, 1222 (10th Cir. 2002) (noting that an appeal is frivolous if it "lacks an arguable basis in either law or fact").

The Court does not doubt that Mr. Clervrain is unable to pay the filing fee. However, Plaintiff has not shown the "existence of a reasoned, nonfrivolous argument on the law and facts in support of issues raised on appeal." *See Debardeleben*, 937 F.2d at 505. Accordingly, the Court concludes that Mr. Clervrain's appeal is not taken in good faith and therefore denies his motion.

**IT IS THEREFORE ORDERED** Plaintiff's Motion for Arbitrating the Universal Nationality Choice Act (ECF No. 34) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Consideration and Ratification Punitive Act(s) (ECF No. 35) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Financial Burden and Appealing Punitive Acts (ECF No. 36) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Notice of Appeal and Second Chance Act (ECF No. 37) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Appeal *In Forma Pauperis* (ECF No. 42) is **denied**.

**IT IS SO ORDERED.**

DATED: This 15th day of May, 2019, at Topeka, Kansas.

s/ Sam A. Crow
**SAM A. CROW**
**U.S. Senior District Judge**